(No. 84-CC-2100-)

ILLINOIS CONSTRUCTORS CORP., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed April 21, 1987.*

O'BRIEN, O'ROURKE, HOGAN & McNULTY, for Claimant.

NEIL F. HARTIGAN, Attorney General (ERIN O'CONNELL, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This cause coming before the Court on a stipulation for entry of judgment submitted by the parties. This is a breach of contract claim arising out of the construction of the South Waukegan Harbor Project ("the Project") CDB Project No. 722-010-001.

Claimant was the Phase II contractor. Because the phases were sequential, Claimant could not commence its Phase II work until Phase I was completed.

On October 7, 1982, Claimant received authorization from CDB to proceed with Phase II contract work at the project. Claimant could not commence its work until December 6, 1982. The delay occasioned by the tardy completion of Phase I resulted in increased costs to Claimant. Claimant has alleged that it suffered in the amount of $119,000.00 associated with its increased cost of performing its work under the contract.

After extensive review of Claimant's supporting records by representatives of CDB and following lengthy negotiations between the parties, CDB has stipulated and agreed that Claimant was prevented from proceeding with its work on a timely basis and for purposes of this claim only, admits liability under the complaint.

Because of the time and expense of trial and the vagaries of proof associated with this type of claim, the parties have stipulated and agreed that judgment should be entered in Claimant's favor in the amount of $90,000.00.

Although this Court is not bound by any stipulation, it is not the practice of this Court to interpose controversy between the parties where none seems to exist. The instant stipulation appears to have been entered into after careful consideration of facts and applicable law by authorized representatives of the parties regarding delay damage claims under State construction contracts. The amount agreed upon seems to have resulted from the give and take associated with arms-length bargaining. This being the case, this Court sees no reason not to honor the stipulation of the parties.

It is hereby ordered that Claimant, Illinois Constructors Corporation, be awarded the sum of $90,000

(ninety thousand and no/100 dollars) in full and complete satisfaction of all its claims herein.